**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

CHAMBERS OF
**MICHAEL A. SHIPP**
UNITED STATES MAGISTRATE JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.  ROOM 2042
NEWARK, NJ 07102
973-645-3827

<u>Not for Publication</u>

**CORRECTED LETTER OPINION AND ORDER**

September 14, 2009

<u>VIA CM/ECF</u>
All counsel of record

> **Re:**   Takacs et al. v. Union County et al.
>          <u>Civil Action No. 08-711 (KSH)(MAS)</u>

Dear Counsel:

This matter comes before the Court on Plaintiffs' Motion to Compel a response to

Plaintiff's Interrogatory No. 3 and Document Request Nos. 3 and 13.

For the reasons set forth below, Plaintiffs' motion is DENIED.

**I.    Legal Standard**

Federal Rule of Civil Procedure 26 defines the methods, scope, limits, and process of

discovery.  Section (b) of that rule establishes the limits of discovery.  *See* Fed. R. Civ. P. 26(b).

It provides that parties may obtain discovery regarding any party's claim or defense.  *Id.*  Rule

26(b) also provides that for good cause, the Court may order discovery of any matter relevant to

the subject matter involved in the action.  *Id.*  As this Court has recognized, "Courts have

construed this rule liberally, creating a broad vista for discovery."  *Tele-Radio Sys. Ltd. v.*

*DeForest Elecs., Inc.*, 92 F.R.D. 371, 375 (D.N.J. 1981) (citing *Oppenheimer Fund, Inc. v.*

*Sanders*, 437 U.S. 340, 351 (1978)); *see also Evans v. Employee Benefit Plan*, 2006 WL 1644818, at 4 (D.N.J. June 6, 2006) (Kugler, J.).

In interpreting Rule 26(b)(1), the District Court must be mindful that relevance is a broader inquiry at the discovery stage than at the trial stage. *See Nestle Food Corp. v. Aetna Cas. & Surety Co.*, 135 F.R.D. 101, 103 (D.N.J. 1990). Relevant information need not be admissible at trial so long as the discovery appears reasonably calculated to lead to the discovery of admissible evidence. However, the burden remains on the party seeking discovery to "show that the information sought is relevant to the subject matter of the action and may lead to admissible evidence." *Carver v. City of Trenton*, 192 F.R.D. 154, 159 (D.N.J. 2000); *See also Nestle*, 135 F.R.D. at 104.

Moreover, when the burden of a discovery request is likely to outweigh the benefits, Rule 26(b)(2)(C)(iii) vests the District Court with the authority to limit a party's pursuit of otherwise discoverable information. As recognized by the Third Circuit, although broad, the right to discovery "is not unlimited and may be circumscribed. *Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999). Accordingly, a discovery request may be denied if, after assessing "the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues", the District Court finds that there exists a likelihood that the resulting benefits would be outweighed by the burden or expenses imposed as a consequence of the proposed discovery. Fed. R. Civ. P. 26(b)(2)(C)(iii). The purpose of this rule of proportionality is "to guard against redundant or disproportionate discovery by giving the court authority to reduce the amount of discovery that may be directed to matters that are otherwise proper subjects of inquiry." *Bowers v. National Collegiate Athletic*

*Assoc.*, 2008 LEXIS 114944, at 14 (D.N.J. Feb. 27, 2008) (Simandle, J.) (quoting *Leksi, Inc. v.*

*Federal Ins. Co.*, 129 F.R.D. 99, 105 (D.N.J. 1989)).  Thus, while discovery and relevance may be

broad, it is not boundless.

## II.     Analysis

### A. Interrogatory No. 3

Interrogatory No. 3 states in its entirety:

> Identify by month, year, and charge, each pre-trial detainee who was
> admitted to the Union County Jail for any misdemeanor, summary
> violation, offense, or who was held on civil or family court matters from
> February 7, 2006 to present.

(See Exh. A to Pl.'s Moving Br.).

Defendants argue that Document Request No. 3 is overly broad and unduly burdensome

because information from seventeen thousand (17,000) files "would in fact be a great expense

and burden to the County of Union." (Def.'s Opp'n Brief 4).  Moreover, the Defendants have

already provided strip search reports to the Plaintiffs, which provide the names of the non-

indictable detainees who were strip searched during the relevant period, the officer(s) who

performed the search, and the date of the strip searches.  (Def.'s Opp'n Brief 2).  Conversely,

Plaintiffs contend that the information requested is narrowly tailored to the relevant time period,

the sheer volume of responsive documents does not make a request burdensome, and that there is

no other source from which Plaintiffs can obtain the requested information, as the strip search

forms do not provide contact information for the detainees.  (Pl.'s Reply Brief 2-3).

As previously discussed, Rule 26(b)(2)(C)(iii) applies when the burden outweighs the

benefit of the discovery, as determined by assessing several factors.  Here, Plaintiffs' request for

information regarding pre-trial detainees for "any misdemeanor, summary violation, offense, or

who was held on civil or family court matters from February 7, 2006 to the present" is certainly

overly broad and burdensome. Indeed, Defendants have and will provide the strip search reports

for every person detained for a non-indictable offense during the class period, which provides the

names of the detainees, the date of the strip search, and the officer(s) responsible for the strip

search. Thus, the Plaintiffs already have the information they need to pursue their Complaint and

to find potential class members. Indeed, potential class members will consist of only those

persons who were strip searched during the relevant time period, and despite Plaintiffs'

contention that additional information is needed, there are other means that the Plaintiffs can

implement to obtain the detainees addresses and contact information. Therefore, requesting

information for every pre-trial detainee who was admitted to the Union County Jail, including

those detained subsequent to the incident at issue and persons detained for family court matters,

is clearly burdensome and unlikely to result in enough beneficial, relevant evidence that would

outweigh the burden that would be imposed upon the Defendants. Accordingly, the Court finds

that in this instant matter the scales tip in favor of the Defendants, as Plaintiff's requested

discovery is not proportional to the needs of this case. As such, Plaintiffs' motion to compel

responses to Interrogatory No. 3 is DENIED.

4

**B. Document Request No. 3**

Document Request No. 3 states in its entirety:

> Booking sheets and/or other documentation containing the names,
> addresses, offense charged, date of arrest, date of arrival at the Union
> County Jail, telephone numbers, and emergency contact information for
> any pre-trial detainees charged with misdemeanors, violations, or held on
> civil or family court matters at any location of the Union County Jail.

(See Exh. B to Pl.'s Moving Br.).

In response to Document Request No. 3 Defendants cited privilege pursuant to N.J.A.C.

10A:34-3.8(b) which states that:

> reports regarding strip search or body cavity search <u>shall not be deemed
> public records</u>, but upon request, shall be made available to: (1) the
> Commissioner, New Jersey Department of Corrections; (2) the Attorney
> General; (3) the county prosecutor; (4) the municipal detention facility
> custody staff member in charge; and/or (5) the person searched.

N.J.A.C. 10A:34-3.8(b) (emphasis added).

This Court must interpret the plain language of the statute unless those terms clearly

conflict with the intent of the statute. *New Rock Asset Partners L.P. v. Preferred Entity

Advancements, Inc.*, 101 F.3d 1492, 1498 (D.N.J. 1996) (citations omitted). The Court's review

of the relevant legislative history indicates that the statute was, at least in part, intended to protect

the privacy interests of the individual searched.

Document Request No. 3 seeks information about the identification of pretrial detainees

who were held at any location of the Union County Jail. (Pl.'s Moving Br., Exh. B). While there

is no direct reference to reports regarding strip-searches or body cavity searches in Document

Request No. 3, this Court does recognize that strip search reports may in fact contain responsive

information. Defendants, however, are not one of the enumerated entities entitled to strip search

reports under N.J.A.C. 10A:34-3.8(b).[1]  Therefore, all "reports regarding strip search[es] or body cavity search[es]" are privileged.

### C. Document Request No. 13

Document Request No. 13 seeks "[i]ncident reports, logbook entries, and other documents referring or relating to contraband found on pre-trial detainees upon entry into the Union County Jail." (See Exh. A to Pl.'s Moving Br.).  In response to Document Request No. 13 Defendants again cited privilege pursuant to N.J.A.C. 10A:34-3.8(b).  For the exact reasons set forth with regard to Document Request No. 3, the Court finds that all reports regarding strip searches or body cavity searches are privileged and shall not be produced.  However, Defendants must produce all non-privileged responsive documents to Document Request No. 13.  Insofar as the Defendants claim that there are no responsive documents to Document Request No. 13, Defendants shall provide the Court with a certification that attests to such.

### III.   Conclusion

For the above reasons, Plaintiffs' Motion to Compel is DENIED.

_____

**HONORABLE MICHAEL A. SHIPP**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] To be clear, a named Defendant may request his or her own report pursuant to N.J.A.C. 10A:34-3.8(b)(5).